```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MR. GLEN CAMPBELL                  :    CIVIL ACTION
                                   :
          v.                       :
                                   :
PENNSYLVANIA GAME COMMISSION,      :
et al.                             :    NO. 08-cv-01959-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                      March 4, 2009

After a brief trial, the jury returned a verdict in favor of the defendants in this action, in which plaintiff claimed that he was retaliated against in his position as a Pennsylvania game warden because he had exercised his First Amendment rights. Judgment was entered on the verdict on December 12, 2008.

On December 23, 2008, plaintiff's counsel filed a motion for a new trial. In that motion, counsel asserted, on page 2, "the plaintiff has ordered and is awaiting receipt of the transcript from the jury trial." It has now developed that that statement was not literally true. Plaintiff's counsel did not order anything until January 13, 2009, and then ordered only a small portion of the trial transcript. Under Local Rule 7.1(e), he should have ordered the entire transcript by January 6, 2009. The defendants have filed a motion to dismiss plaintiff's post-trial motion because of these irregularities. Plaintiff's counsel's response to the defense motion seems to argue that he

has now fully complied with the requirements of the Local Rule, and that the defendants should be sanctioned for raising the issue.

    For present purposes, I shall assume that plaintiff's failure to comply with Local Rule 7.1(e), and his misrepresentation about when the transcript was ordered, was inadvertent and, in any event, should not be visited upon his presumably innocent client. I therefore decline to dismiss the post-trial motion on that ground.

    This does not mean, however, that plaintiff's continuing failure to provide a full transcript of the trial can be overlooked.  Plaintiff's counsel has listed some 16 separate "points of error" which, in his view, warrant the grant of a new trial.  Without a transcript of the entire trial, most of these allegations cannot be properly evaluated.  Whereas, it is, of course, true that the trial was relatively brief and relatively recent, it is apparent that plaintiff's counsel has characterized the record in a manner which is totally at odds with this Court's recollection of the pertinent events.  Only a transcript can resolve the question of whose recollection is correct.  Moreover, the whole purpose of Local Rule 7.1(e) is to provide a firm basis for the disposition of the post-trial motion, and for any eventual appeals.

Plaintiff's counsel has provided a transcript of the Court's charge to the jury, but has not, as yet at least, pointed to any significant errors or omissions therein, except that the Court did not read from a script.  On the basis of the present record, I am inclined to suggest that the charge was entirely adequate, and was properly limited to submitting to the jury the disputed factual issues which the jury needed to resolve.

Plaintiff's counsel will be afforded a further opportunity to provide a complete transcript of the trial, so that the post-trial motion can be properly resolved.  Plaintiff's counsel will also be required to state, in clear and comprehensible language, supported by citations to the record, any errors believed to warrant a new trial.  Failure to comply with these requirements will result in a denial of the post-trial motion.

An Order follows.

```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

MR. GLEN CAMPBELL                   :     CIVIL ACTION
                                    :
           v.                       :
                                    :
PENNSYLVANIA GAME COMMISSION,       :
et al.                              :     NO. 08-cv-01959

<u>ORDER</u>

AND NOW, this 4th day of March 2009, IT IS ORDERED:

1.  If plaintiff wishes to continue to seek post-trial relief in this case, plaintiff must comply with the requirements of Local Rule 7.1(e) by ordering a complete transcript of the trial (i.e., by providing those portions of the trial transcript which have not yet been filed of record). Plaintiff is afforded a further extension of time for 30 days in which to comply with this requirement.

2.  If plaintiff wishes to further prosecute his post-trial motion, plaintiff's counsel shall file a supplemental brief which sets forth, in clear and precise language, with citations to the record, the errors relied upon for a new trial.

3.  Unless plaintiff has complied with the foregoing requirements within 45 days from the date of this Order, the post-trial motion will be denied without further proceedings.

                                    BY THE COURT:


                                    /s/ John P. Fullam
                                    John P. Fullam, Sr. J.